UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>  **LA. DOC #424229**<br>**VS.** | **CIVIL ACTION NO. 6:13-2197**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **ST. LANDRY PARISH DISTRICT**<br>**ATTORNEY'S OFFICE** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 1, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names the St. Landry Parish District Attorney's Office (the "District Attorney's Office") as the sole defendant.

Lavergne alleges that after his arrest for the murders of Pate and Shunick, the District Attorney's Office charged him with various crimes, including simple battery and failing to register as a sex offender. When Lavergne filed a Motion for Speedy Trial, the Clerk of Court told him that there were two counts of simple battery and a disturbing the peace by aggravated arson charge pending against him. Lavergne filed another Motion

for Speedy Trial on those charges. Lavergne thought the battery charge stemmed from a 2000 incident with his ex-wife. However, his attorney told Lavergne that the charges were from incidents in 2008 and 2012, incidents that Lavergne alleges he has no knowledge of. Lavergne alleges that he believes that the charges were filed against him "as a tool to slander [him] in the middle of a high profile murder investigation that tainted my jury pool with false allegations" in violation of his constitutional rights. By this action, Lavergne seeks punitive damages.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

### I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the

allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. St. Landry Parish District Attorney's Office

Lavergne's suit against the St. Landry Parish District Attorney's Office is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The St. Landry District Attorney's Office is not a person capable of being sued under § 1983 and further, Louisiana law does not permit the District Attorney's Office to be sued in its own name. Rather, the district attorney is the proper party to sue when contending a constitutional violation by a district attorney's office. *Hudson v. City of New Orleans,* 174 F.3d 677, 680 (5th Cir. 1999)*; Delta Fuel Co., Inc. v. Maxwell*, 2011 WL 5159703, *affd*, 485 Fed. Appx. 685, 686 (5th Cir. 2012) *citing Hudson,* 174 F.3d at 680; *Murray v. Earle*, 334 Fed. Appx. 602, 606 at fn. 2 (5th Cir. 2009) (noting

that "the "Travis County District Attorney's Office" is not a separate entity. . .the district attorney is the proper party to sue when contending a constitutional violation by a district attorney's office."); *Devillier v. Calcasieu Parish District Attorney's Office*, 2007 WL 2815846, *3 (W.D. La. 2007); *Rinker v. New Orleans District Attorney*, 2010 WL 2773236, *4 (E.D. La. 2010) *citing Harris v. Orleans District Attorney's Office*, 2009 WL 3837618, *2 (E.D. La. 2009).

### III.  Prosecutorial Immunity

While Lavergne has not named the St. Landry Parish District Attorney, allowing amendment to the pleadings to add the District Attorney as a defendant would be futile because the District Attorney is immune from suit for monetary damages for filing charges against Lavergne.

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).  As the Supreme Court has stated: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).  Those acts include the filing of charging documents. *Kalina*, 522 U.S. at

4

128-129, 118 S.Ct. at 508-509.  Accordingly, the Fifth Circuit has consistently held that the decision of when and whether to file criminal charges, clearly falls within the scope of the District Attorney's prosecutorial duties protected by absolute prosecutorial immunity. *Quinn v. Roach*, 326 Fed. Appx. 280, 292 (5th Cir. 2009) *citing Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990), *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) and *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980); *Workman v. Calogero*, 174 Fed. Appx. 824, 826 (5th Cir. 2006); *Nickerson v. Texas*, 209 F.3d 718, *2 (5th Cir. 2000) (table); *Tobias v. Brown*, 68 F.3d 466, *1 (5th Cir. 1995) (per curiam).  The United States Supreme Court has explained that the filing of a charging document" is but the first step in the process of seeking a conviction. Exposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in terms of their effect on his potential liability." *Kalina*, 522 U.S. at 128-129, 118 S.Ct. at 508-509 *quoting Malley v. Briggs*, 475 U.S. 335, 342, 106 S.Ct. 1092, 1097 (1986). Thus, immunity must be recognized so as not to "impair the performance of a central actor in the judicial process." *Id*.

     Moreover, absolute immunity shields  prosecutors even when they act maliciously, wantonly, or negligently. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987).  This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil

rights actions when performing duties of his office. *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

In light of the above, any claim asserted by Lavergne against the District Attorney for filing charges and thereby initiating a criminal prosecution against Lavergne would necessarily be based on the District Attorney's conduct as the State's advocate, and the District Attorney would therefore be entitled to absolute prosecutorial immunity. Any claim asserted by Lavergne against the District Attorney would therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted, and for seeking monetary relief against a defendant who is immune from such relief.[1]

**IV. State Law Claims**

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[2]

---

[1] To the extent that Lavergne's allegations may be construed as accusing the St. Landry Parish District Attorney's Office of tainting his jury pool and thereby inducing him to plead guilty, that claim is barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If this court were to grant Lavergne damages on such a claim, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences.

[2] This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne and the St. Landry Parish District Attorney are Louisiana citizens. Accordingly, complete diversity is lacking.

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above;

**IT IS RECOMMENDED** that Lavergne's claims against the St. Landry Parish District Attorney's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a

copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE